

FILED

2023 JAN 13 PM 2: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

Raoul B. Clymer
14150 Grant Street, #33
Moreno Valley, CA 92530
Ph: (951) 231-5886
Email: RaoulClymer@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

RAOUL B. CLYMER,

                Plaintiff,

v.

IRMA POOLE ASBURRY, an individual and judicial officer of the STATE OF CALIFORNIA, RCSC; SUNSHINE SYKES, an individual and judicial officer of the RIVERSIDE COUNTY SUPERIOR COURT IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, RIVERSIDE COUNTY SUPERIOR COURT, THE COUNTY OF RIVERSIDE, THE STATE OF CALIFORNIA, and DOES 1-25,

                Defendant.

**EDCV23-00067-SSS**

Case No.

VERIFIED COMPLAINT FOR:

1. VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983;

2. CONSPIRACTY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1983;

3. VIOLATION OF PLAINTIFFS RIGHTS TO DUE PROCESS AND EQUAL ACCESS TO JUSTICE GUARANTEED TO HIM BY ARTICLE I, SECTION 7 OF THE CALIFORNIA STATE CONSTITUTION AND THE 14TH AMENDMENT TO THE U.S. CONSTITUTION;

4. VIOLATION OF THE INVIOLATE RIGHT TO A JURY TRIAL IN A CIVIL CASE GUARANTEED BY CALIFORNIA CONSTITUTION ARTICLE 1, SECTION 16 & SECTION 631 OF THE CALIFORNIA *CODE OF CIVIL PROCEDURE*

5. FAILURE TO PREVENT CONSPIRACY TO DEPRIVE FEDERALLY PROTECTED RIGHTS

## I.    INTRODUCTION

1.    Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the Seventh and Fourteenth Amendments of the federal Constitution, by the Defendant under color of law in his/her capacity as a judge in the Superior Court of Riverside County.

2.    Plaintiff brings this action against Judge Irma Poole Asbury, Judge Sunshine Sykes, Judge Craig G. Reimer, (all California State judicial officers presiding at the Riverside County Superior Court, Historic Courthouse), the RCSC Superior Court, County of Riverside and State of California pursuant to Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional rights guaranteed by the Seventh and Fourteenth amendments to the U.S. Constitution, the inviolate right to a jury trial guaranteed in Article 1 Section 16 of the California State Constitution, the right to equal protection and the right to due process guaranteed by Article 1, Section 7 of the California State Constitution, and redressable pursuant to *Bivens v. Six Unknown Narcotics Agents* 403 U.S. 388 (1971).

## II.    PARTIES

3.    The Plaintiff, Raoul Barrie Clymer, (hereinafter, "Plaintiff Clymer"), is an individual who, at all times relevant to this Verified Complaint, ("VC"), resided in the County of Riverside, State of California.

4.    Defendant Irma Poole Asbury, (hereinafter, "Defendant Asbury"), is an individual who, at all times relevant to the allegations specifically against her in this VC, was acting under color of California State Law in the capacity of a judicial officer of the Riverside County Superior Court, State of California.

5.    Defendant Asbury engaged in several acts which appear to be judicial acts but when scrutinized reveal themselves as non-judicial actions taken in total absence of any and all jurisdiction

to do so insofar as they were planned, designed and purposed to violate the Plaintiff's right to a jury trial and rights to equal protection and due process guaranteed to him under the U.S. Constitution, California Constitution, Federal *Rules of Civil Procedure* and California *Code of Civil Procedure*.

6.      Sunshine Sykes, (hereinafter, "Defendant Sykes"), is an individual who, at all times relevant to the allegations specifically against her in this VC, was acting under color of California State Law in the capacity of a judicial officer of the RCSC Superior Court, State of California.

7.      Defendant Sykes engaged in several acts which appear to be judicial acts but when scrutinized reveal themselves as non-judicial actions taken in total absence of any and all jurisdiction to do so insofar as they were planned, designed and purposed to violate the Plaintiff's right to a jury trial and rights to due process guaranteed to him under the U.S. Constitution, California Constitution, Federal *Rules of Civil Procedure* and California *Code of Civil Procedure*.

8.      Craig G. Reimer, (hereinafter, "Defendant Reimer"), is an individual who, at all times relevant to the allegations specifically against him in this VC, was acting under color of California State Law in the capacity of a judicial officer of the RCSC Superior Court, State of California.

9.      Defendant Reimer engaged in several acts which appear to be judicial acts but when scrutinized reveal themselves as non-judicial actions taken in total absence of any and all jurisdiction to do so insofar as they were planned, designed and purposed to violate the Plaintiff's right to a jury trial and rights to due process guaranteed to him under the U.S. Constitution, California Constitution, Federal *Rules of Civil Procedure* and California *Code of Civil Procedure*.

10.     Defendant RIVERSIDE COUNTY SUPERIOR COURT, (hereinafter, "Defendant RCSC"), is an administrative arm of the political subdivision of the COUNTY OF RIVERSIDE, sued in this stated capacity for its failure to monitor, train, regulate and control its judicial officers from their intentional and conspiratorial actions purposed to violate the Plaintiff's right to a jury trial and

rights to due process guaranteed to him under the U.S. Constitution, California Constitution, Federal *Rules of Civil Procedure* and California *Code of Civil Procedure*.

11.    Defendant COUNTY OF RIVERSIDE, (hereinafter, Defendant "COUNTY"), is a political subdivision of the STATE OF CALIFORNIA, sued in this stated capacity for its failure to monitor, train, regulate and control its judicial officers from their intentional and conspiratorial actions purposed to violate the Plaintiff's right to a jury trial and rights to due process guaranteed to him under the U.S. Constitution, California Constitution, Federal *Rules of Civil Procedure* and California *Code of Civil Procedure*.

12.    Defendant STATE OF CALIFORNIA, (hereinafter, Defendant "STATE"), is a political subdivision of the STATE OF CALIFORNIA, sued in this stated capacity for its failure to monitor, train, regulate and control its judicial officers from their intentional and conspiratorial actions purposed to violate the Plaintiff's right to a jury trial and rights to due process guaranteed to him under the U.S. Constitution, California Constitution, Federal *Rules of Civil Procedure* and California *Code of Civil Procedure*.

13.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, while acting under color of California State Law and authority and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

### III.    NATURE OF THE CASE:

14.    Parties opposing the Plaintiff brought suit against the Plaintiff in Riverside Superior Court Case No. RIC1704471 (hereinafter, the "DEFAMATION CASE"), alleging claims involving

Verified Complaint for Violations of 42 U.S.C. § 1983

defamation stemming from a website, "verizonwirelessfraud.com" and a postcard which contained statements similar to the website.

15.    Defendant Sykes was assigned as the Judicial Officer to preside over the DEFAMATION CASE for all purposes in accordance with the "All-Purposes Assignment" rule in California.  Halfway through the DEFAMATION CASE Defendant Asbury replaced Defendant Sykes as the Judicial Officer presiding over the DEFAMATION CASE.

16.    After six rounds of discovery and demands for Plaintiff Clymer's phone and computer that were both acquired after the publication of the Website and postcard, the Opposing Parties moved for terminating sanctions against Plaintiff Clymer for a second time.

17.    Defendant Asbury proceeded to grant that requested Order for terminating sanctions against Plaintiff Clymer for Plaintiff Clymer's failure to properly respond to Set No. 6 of the opposing party's discovery in the form of striking Plaintiff Clymer's Answer to the complaint.

18.    Defendant Asbury then granted the opposing party's moving papers for Entry of Default, and a Default Judgment against Plaintiff Clymer in the amount of $2,400,000, without a prove up hearing on matter, or any proof submitted by the Plaintiff.

19.    Defendants COUNTY and STATE both failed to properly train and supervise Defendants Sykes, Asbury and Reimer, failed to ensure established law and procedure were properly followed, adhered to, and not unconstitutionally circumvented to satisfy the unlawful forum shopping that the "All-Purposes Assignment" rule was created to protect against.

IV.    **JURISDICTION & VENUE**

20.    Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.

21.    This Court has further jurisdiction over this case insofar as judicial officers, the named administrative arm, the named County political Subdivision all are subject to this Court's application

Verified Complaint for Violations of 42 U.S.C. § 1983
Page **5**

of the Constitution of the United States of America, the California State Constitution, the various, cited to and applicable United States Code sections, and the civil rights of the Plaintiff.

22.     This Court further has jurisdiction over this case insofar as the amount in controversy exceeds $75,000.

23.     Venue is proper insofar as the Defendants all exist within the boundaries of this Court's authority and power, and all acts relevant to this verified complaint occurred within the geographical boundaries of this Court.

## V.     STATEMENT OF FACTS

24.     California has an established process for randomly assigning a judicial officer to preside over a civil case, and to do so "for all purposes."  This is known as the "All-Purposes Assignment" rule:

> Rule 3.734. Assignment to one judge for all or limited purposes
>
> The presiding judge may, on the noticed motion of a party or on the court's own motion, order the assignment of any case to one judge for all or such limited purposes as will promote the efficient administration of justice.
>
> Rule 3.734 amended and renumbered effective January 1, 2007; adopted as rule 213 effective January 1, 1985; previously amended effective July 1, 2002.

25.     This All-Purposes Assignment rule functions so that a judicial officer is randomly assigned to a civil case, and that judicial officer remains as the judicial officer presiding over that case "for all purposes."

26.     The Plaintiff is informed, believes and thereon alleges that this All-Purposes Assignment rule was established and has the functional purpose of giving all parties the best chance of having a neutral judicial officer presiding over their civil case, and ensures a lower possibility of a judicial officer presiding over a given case through intentional selection by one of the Parties, (forum

shopping), which has a higher possibility of that judicial officer acting with bias or favoritism toward one party or the other.

27. In 2019, Plaintiff Clymer was sued in Riverside County Superior Court Case No. RIC1704471 (hereinafter, the "DEFAMATION CASE"), by opposing parties for defamation stemming from the publication of a website and postcard that was mailed to certain corporate persons.

28. The Website, (VerizonWirelessFraud.com), made allegations that Kevin Elder, sole owner and CEO of GoWireless, Inc., a service provider for Verizon, and other persons involved with him had engaged in a fraudulent scheme whereby they duped Plaintiff Clymer's brother into investing $3,500,000 in a real estate development project, then diverted funds from that project to increasing the asset base of GoWireless, Inc.

29. The facts set forth on the website were denied by the interested parties, to include Kevin Elder. However, documentary evidence disclosed during discovery in the Defamation case supports rather than contradicts the key material allegations on the website.

30. The allegations in the Defamation case unverified complaint claimed that Plaintiff Clymer created and published the website, and that the website contained defamatory material in that the allegations were disparaging and false.

31. The allegations in the Defamation case unverified complaint also claimed that Plaintiff Clymer created and published a postcard which also contained defamatory material in that the allegations were disparaging and false.

32. There were no actual factual allegations regarding actual, existing evidence that Plaintiff Clymer in fact "created" or "published" the website or the postcard. The allegations merely alleged that the defamatory material was the same as the allegations Plaintiff Clymer made in a

previous federal court case, thus, it must have been Plaintiff Clymer who created and published the website and postcard.

33.    Defendant Sykes was the judicial officer designed to preside through application of the All-Purposes Assignment rule, with the record showing such All-Purposes Assignment occurring on March 15, 2017:

> 03/15/2017  System  Generated  Notice  re:  DEPARTMENT ASSIGNMENT FOR ALL PURPOSES

34.    Subsequently, at a time and place currently unknown to the Plaintiff, the Plaintiff is informed, believes and thereon alleges that the Defendants conspired to and did thereafter effectuate the "switching" of the judicial officer presiding over RCSC Superior Court Case No. RIC1704471 from Defendant Sykes in Department 6 to Defendant Asbury in Department 5 for Law and Motion purposes on April 11, 2019:

> 04/11/2019 Notice of Case Reassigned to Honorable Judge Irma Poole Asberry in Department 05 for Law and Motion Purposes - Effective May 1, 2019.

35.    The Plaintiff is still unaware of the specific facts and specific parties involved in this judge swapping, forum shopping violation of the All-Purposes Assignment rule, the Plaintiff's fundamental right to due process in application, operation, and benefit of that All-Purposes Assignment rule designed and implemented to prevent this very type of forum shopping, as guaranteed to him by Article I, section 7 of the California State Constitution and the 14th Amendment to the U.S. Constitution.

36.    The Plaintiff filed for leave to file a cross-complaint on February 13, 2019, and Defendant Sykes denied that request on April 23, 2019, with the basis for denial stated as follows, ". . . the interests of justice would not be served by adding these extraneous issues to this action at this time. This cross-complaint represented the defense of Plaintiff Clymer, and this denial effectively

prevented him from asserting claims that dually operated as valid defenses against the baseless unverified complaint allegations.

37.    Thereafter, the opposing Parties continued to send repeated sets of discovery, (totaling six), until they obtained an order compelling Plaintiff Clymer to respond to discovery demanding production of his phone and computer.

38.    These demands were outrageous, untenable and properly denied in that Plaintiff Clymer resided in Lake Arrowhead at the time, it was in the middle of the COVID-19 pandemic, and they were attempting to take away the only form of communication that Plaintiff Clymer had at that time.

39.    The Phone and the computer were both acquired **after** the website was created and **after** the postcards were created and mailed, so it was virtually impossible for the discovery to be seeking any form of actual material and discoverable material which would have any bearing on the actual person(s) who "created" and "published" the website and/or postcard.

40.    Nonetheless, Defendant Asbury entered the order to compel production, which Plaintiff Clymer did not timely receive notice of.  The Opposing Parties then filed documents for Defendant Asbury to enter an Order for terminating sanctions for violating discovery rules.

41.    Defendant Asbury proceeded to issue an order for terminating sanctions in the form of striking Plaintiff Clymer's answer to the opposing Parties' unverified complaint for defamation in the DEFAMATION case.

42.    The opposing parties in the DEFAMATION case then moved for entry of a default judgment against Plaintiff Clymer, directly requesting Defendant Asbury circumvent Plaintiff Clymer's fundamental and constitutionally-guaranteed right to a jury trial on the issue of whether he in fact "create"" and/or "published" the website or postcard.

43. Two separate letters Rogatory were issued in the Opposing Parties' efforts to determine who "created" and/or "published" the website.

44. They sought this information from the Bahamas and from the United Arab Emirates regarding the creation and publication of the Website.

45. Plaintiff Clymer sought the information, facts and evidence that the Opposing Parties obtained through their two-country Letters Rogatory quest, but the Opposing Parties denied his requests in various ways, and procedural hurdles prevented the property motion to compel process.

46. Without any actual evidence to meet the preponderance of the evidence standard of proof, Defendant Asbury signed the default judgment which constituted a judicial determination that Plaintiff Clymer was the responsible party behind both the creation and publication of both the website and the postcard.

47. In this manner, through "terminating sanctions" Plaintiff Clymer's Constitutionally guaranteed rights to a jury trial were completely violated. Defendant Asbury exceeded her jurisdiction in judicially determining that Plaintiff Clymer published the website and the postcard, and Defendant Asbury stepped completely outside all normal bounds of judicial authority when determining the that the material on the website and in the postcard was in fact false.

48. This is made especially egregious because the discovery disclosed during this very same case which, to that point, had been impossible for Plaintiff Clymer to obtain because it was solely within the knowledge and exclusive control of the opposing partis in the DEFAMATION case.

49. The judgment amount entered against Plaintiff Clymer was more than $2,000,000.

50. Since that time an abstract of judgment has been issued and efforts have been made to enforce the judgment against Plaintiff Clymer and his assets.

## VI.   CAUSES OF ACTION

### COUNT I – VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS

## UNDER 42 U.S.C. SECTION 1983

*(Against All Defendants)*

51. Plaintiff realleges and incorporates all previous paragraphs by this specific reference as though fully restated herein.

52. Plaintiff Clymer's right to due process, equal protection under the law is guaranteed to him by the California State and United States Constitutions.

53. Plaintiff Clymer's right to a jury trial in a civil matter is inviolate and guaranteed to him under Article 1, Section 16 of the California State Constitution, and the 14th Amendment to the U.S. Constitution.

54. Defendants Sykes knew, or should have known, that she was violating the Plaintiff's rights to due process by circumventing the Master Calendar Rule, (the All-Purposes Assignment Rule), and reassigning the case to Defendant Asbury.

55. The Plaintiff is informed, believes and thereon alleges the switch from Defendant Sykes to Defendant Asbury was effectuated through and as a direct result of Defendant DOES 1-25's actions of Forum Shopping.

56. The Plaintiff is informed, believes and thereon alleges that the switch from Defendant Asbury to Defendant Reimer was effectuated through and as a direct result of Defendant 1-25's actions of Forum Shopping.

57. Defendant Sykes, Asbury, Reimer and DOES 1-25 knew, or should have known, that they had the duty, and had no discretion to adhere to the Master Calendar/All-Purposes Assignment rule.

58. After the unconstitutional switch in judicial officers presiding over the DEFAMATION case, the Opposing parties filed a Motion to, and Defendant Asbury did enter an order striking Plaintiff Clymer's Answer as a terminating sanction for an alleged discovery violation.

Verified Complaint for Violations of 42 U.S.C. § 1983

Page **11**

59.    The Opposing Parties motioned for Entry of Default against Plaintiff Clymer, Defendant Ashbury granted the motion and entered default against Plaintiff Clymer.

60.    By granting entry of default Defendant Asbury necessarily judicially determined the Plaintiff guilty of publication of the postcard and publication of the website.  This despite letters rogatory by the Plaintiffs in the DEFAMATION CASE directed at two separate countries, (the Bahamas and the United Arab Emirates, the results of which were made the subject of discovery requests by Plaintiff Clymer when attempting to defend himself in the DEFAMATION CASE, but those discovery requests were objected to, with Defendants Sykes and Asbury both entering orders refusing to compel production of the results of the two separate Letters Rogatory issued.)

61.    The Opposing Parties then moved for, and Defendant Ashbury then granted a Default Judgment against Plaintiff Cymer in the DEFAMATION CASE, thereby denying Plaintiff Clymer his inviolate right to jury trial, guaranteed to him by Article 1, Section 16 of the California State Constitution, which itself is further guaranteed to him by the 14th Amendment to the U.S. Constitution.

62.    Defendant Asbury had notice that it is clearly established under law that the wrongful denial of Plaintiff Clymer's right to a jury trial is a violation of Article 1, Section 16 of the California State Constitution, which itself is a violation of the 14th Amendment to the U.S. Constitution and 42 USC §1983, and it is settled case law that Plaintiff Clymer has standing resulting from these violations and no duty to give additional notice or exhaust any administrative remedies.

63.    Despite this notice, Defendant Asbury continued this misconduct in violation of Plaintiff Clymer's rights to Due Process and Equal Protection Under the Law secured by the United States Constitution or by Federal law and guaranteed by the First, Fourth and Fourteenth Amendments to the Constitution of the United States to deprive Plaintiff Clymer of property and due

course of justice in violation of 42 U.S.C. sec. 1981, 42 U.S.C. sec. 1985 (3) and 42 U.S.C. sec. 1983, et seq.

64. Defendant Asbury knew, or should have known, that the terminating sanction and subsequent entry of default and default judgment in a defamation case where there was no actual evidence asserted or presented to the Court supporting the bald claim that Plaintiff Clymer "published" the offending Website, "published" the offending postcard, that the DEFAMATION CASE Plaintiffs had in fact suffered any actual damages at all, (let alone over $2,400,000 in damages), or even that the facts stated on the website and in the postcard were actually false.

65. All this was further done by Defendant Asbury in absolute denial of Plaintiff Clymer's inviolate right to a jury trial, so Defendant Asbury's actions were without jurisdiction and precipitated and further made possible through Defendants RCSC, COUNTY and STATE's failure to properly supervise, control and direct Defendant Asbury in her official capacity as a judicial officer of a Superior Court in the State of California.

66. Defendants Sykes, Asbury and Reimer knew, or should have known that Defendant Asbury conscientiously, arbitrarily, capriciously, deliberately, intentionally, and knowingly engaged in conduct in violation of her duty as a judge, and engaged in violation of the Supreme Law of the Land when entering the terminating sanction of striking Plaintiff Clymer's Answer for alleged discovery rule violations, entering default against him, then entering a $2,400,000+ default judgment against him, without any reasonable proof Plaintiff Clymer published the website or postcard, and with documentary evidence which tends to prove the allegations in the Website and Postcard rather than show them as false, thereby egregiously violating Plaintiff Clymer's fundamental rights to due process and his inviolate right to a jury trial guaranteed to him under the California State Constitution.

67. The Defendants ignored the gravamen of the noticed misconduct, State and Federal Constitutional rights violations, violations of 42 U.S.C. § 1983, and the resulting financial liability against Plaintiff Clymer of more than $2,000,000.

68. Defendants Sykes, Asbury, Reimer, RCSC, COUNTY, STATE and DOES 1-25 participated with other defendants and non-defendant state officials in concerted misconduct against Plaintiff Clymer in the ongoing court action in Riverside County Superior Court case number RIC1704471 and CVRI2103391, and Appeal No. E079093.

69. The Defendants ignored the gravamen of the noticed misconduct, State and Federal Constitutional rights violations, violations of 42 U.S.C. § 1983, and the resulting financial liability against Plaintiff Clymer of more than $2,000,000.

70. In this manner, on these basis, and as set forth above and herein, Defendants Sykes, Asbury, Reimer, RCSC, COUNTY, STATE and DOES 1-25, while actively employed in official Judicial Officer capacities by Defendant RCSC, while acting under color of California State law, deprived Plaintiff Clymer of his legitimate and certain inviolate right to a jury trial, due process and other property interests which Plaintiff Cymer had an established claim of entitlement to through the Constitutional Right violations and violations of 42 U.S.C. § 1983.

## COUNT II – CONSPIRACY TO VIOLATE THE PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983

*(Against All Defendants)*

71. Plaintiff realleges and incorporates all previous paragraphs by this specific reference as though fully restated herein.

72. Defendants Sykes, Asbury, Reimer, RCSC, COUNTY, STATE and DOES 1-25 participated, joined together and conspired with other defendants and non-defendant California State officials in concerted misconduct against Plaintiff Clymer in Riverside County Superior Court case

Verified Complaint for Violations of 42 U.S.C. § 1983
Page **14**

number RIC1704471 and CVRI2103391, and Appeal No. E079093, in an ongoing conspiracy to deprive Plaintiff Clymer of fundamental California State Constitutional Rights, Fundamental Rights guaranteed to him under the U.S. Constitution and in violation of 42 U.S.C. § 1983.

73.    Defendants Sykes, Asbury, Reimer, RCSC, COUNTY, STATE and DOES 1-25 participated, joined together and conspired with other defendants and non-defendant state officials in the Civil Rights conspiracy by violating Plaintiff Clymer's fundamental California State Constitutional Rights, Fundamental Rights guaranteed to him under the U.S. Constitution, which further constitutes plain violations of 42 U.S.C. § 1983.

74.    Plaintiff Clymer has been injured by this conduct which occurred in violation of rights guaranteed to him by the California State Constitution, U.S. Constitution and 42 U.S.C. § 1983.

75.    In this manner, on these basis, and as set forth above and herein, Defendants Sykes, Asbury, Reimer, RCSC, COUNTY, STATE and DOES 1-25, while actively employed in official Judicial Officer capacities by the Defendant RCSC and STATE OF CALIFORNIA, while acting under color of California State law, deprived Plaintiff Clymer of his legitimate and certain inviolate right to a jury trial, due process and other property interests which Plaintiff Cymer had an established claim of entitlement to through the violations of 42 U.S.C. § 1983.

### COUNT III-- VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS AND RIGHTS OF EQUAL ACCESS TO JUSTICE

*(Against All Defendants)*

76.    Plaintiff realleges and incorporates all previous paragraphs by this specific reference as though fully restated herein.

77.    Plaintiff Clymer's right to due process, equal protection under the law is guaranteed to him by the California State and United States Constitutions.

78. Plaintiff Clymer's right to a jury trial in a civil matter is inviolate and guaranteed to him under Article 1, Section 16 of the California State Constitution, and the 14th Amendment to the U.S. Constitution.

79. Defendants Sykes knew, or should have known, that she was violating the Plaintiff's rights to due process by circumventing the Master Calendar Rule, (the All-Purposes Assignment Rule), and reassigning the case to Defendant Asbury.

80. The Plaintiff is informed, believes and thereon alleges the switch from Defendant Sykes to Defendant Asbury was effectuated through and as a direct result of Defendant DOES 1-3's actions of Forum Shopping.

81. Defendant Sykes, Asbury, Reimer, RCSC, COUNTY, STATE and DOES 1-25 knew, or should have known, that they had the duty to strictly adhere to, and had no discretion to fail to adhere to the Master Calendar/All-Purposes Assignment rule.

82. After the disallowed swap in judicial officers presiding over the DEFAMATION CASE, Defendant Asbury entered an order striking Plaintiff Clymer's Answer, entered default against Plaintiff Clymer, then granted a Default Judgment against Plaintiff Cymer in the DEFAMATION CASE, thereby denying Plaintiff Clymer his inviolate right to jury trial, guaranteed to him by Article 1, Section 16 of the California State Constitution, which itself is further guaranteed to him by the 14th Amendment to the U.S. Constitution.

83. Defendant Asbury had notice that it is clearly established under law that the wrongful denial of Plaintiff Clymer's right to a jury trial is a violation of Article 1, Section 16 of the California State Constitution, which itself is a violation of the 14th Amendment to the U.S. Constitution and 42 USC §1983, and it is settled case law that Plaintiff Clymer has standing resulting from these violations and no duty to give additional notice or exhaust any administrative remedies.

Verified Complaint for Violations of 42 U.S.C. § 1983
Page 16

84. Despite this notice, Defendant Asbury continued this misconduct in violation of Plaintiff Clymer's rights to Due Process and Equal Protection Under the Law secured by the United States Constitution or by Federal law and guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States to deprive Plaintiff Clymer of property and due course of justice in violation of 42 U.S.C. sec. 1981, 42 U.S.C. sec. 1985 (3) and 42 U.S.C. sec. 1983.

85. Defendant Asbury knew, or should have known, that the terminating sanction which denied the Plaintiff his inviolate right to a jury trial was done without jurisdiction and through Defendant Asbury's failure to properly exercise her judicial duty.

86. Defendants Sykes, Asbury and Reimer knew, or should have known that Defendant Asbury conscientiously, arbitrarily, capriciously, deliberately, intentionally, and knowingly engaged in conduct in violation of her duty as a judge, and engaged in violation of the Supreme Law of the Land when entering the terminating sanction of striking the Plaintiff's Answer for alleged discovery rule violations, thereby violating the Plaintiff's fundamental rights to due process, equal protection and his inviolate right to a jury trial guaranteed to him by the California State Constitution.

87. As a direct and proximate result of Defendants Sykes, Asbury, Reimer, RCSC, COUNTY, STATE and DOES 1-25's actions, Plaintiff Clymer suffered several forms of damages.

**COUNT IV—VIOLATION OF THE PLAINTIFF'S INVIOLATE RIGHT TO A JURY TRIAL IN A CIVIL CASE AS GUARANTEED TO HIM BY ARTICLE 1, SECTION 16 OF THE CALIFORNIA STATE CONSTITUTUION AND SECTION 631 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE**

(*Against All Defendants*)

88. Plaintiff realleges and incorporates all previous paragraphs by this specific reference as though fully restated herein.

89. Plaintiff Clymer's right to due process, equal protection under the law is guaranteed to him by the California State and United States Constitutions.

Verified Complaint for Violations of 42 U.S.C. § 1983
Page **17**

90.    Plaintiff Clymer's right to a jury trial in a civil matter is inviolate and guaranteed to him under Article 1, Section 16 of the California State Constitution, and the 14th Amendment to the U.S. Constitution.

91.    Defendants Sykes knew, or should have known, that she was violating the Plaintiff's rights to due process by circumventing the Master Calendar Rule, (the All-Purposes Assignment Rule), and reassigning the case to Defendant Asbury.

92.    The Plaintiff is informed, believes and thereon alleges the switch from Defendant Sykes to Defendant Asbury was effectuated through and as a direct result of Defendant Sykes, Ashbury and DOES 1-25's actions of Forum Shopping.

93.    Defendant Sykes, Asbury, Reimer and DOES 1-25 knew or should have known, that they had the duty, and had no discretion to adhere to the Master Calendar/All-Purposes Assignment rule.

94.    After the unconstitutional switch in judicial officers presiding over the DEFAMATION CASE, Defendant Asbury entered an order striking Plaintiff Clymer's Answer, entered default against Plaintiff Clymer, then granted a Default Judgment against Plaintiff Cymer in the DEFAMATION CASE, thereby denying Plaintiff Clymer his inviolate right to jury trial, guaranteed to him by Article 1, Section 16 of the California State Constitution, which itself is further guaranteed to him by the 14th Amendment to the U.S. Constitution.

95.    Defendant Asbury had notice that it is clearly established under law that the wrongful denial of Plaintiff Clymer's right to a jury trial is a violation of Article 1, Section 16 of the California State Constitution, which itself is a violation of the 14th Amendment to the U.S. Constitution and 42 USC §1983, and it is settled case law that Plaintiff Clymer has standing resulting from these violations and no duty to give additional notice or exhaust any administrative remedies.

96.     Despite this notice, Defendant Asbury continued this misconduct in violation of Plaintiff Clymer's rights to Due Process and Equal Protection Under the Law secured by the United States Constitution or by Federal law and guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States to deprive Plaintiff Clymer of property and due course of justice in violation of 42 U.S.C. sec. 1981, 42 U.S.C. sec. 1985 (3) and 42 U.S.C. sec. 1983.

97.     Defendant Asbury knew, or should have known, that the terminating sanction which denied the Plaintiff his inviolate right to a jury trial was done without jurisdiction and through Defendant Asbury's failure to properly exercise her judicial duty.

98.     Defendants Sykes, Asbury and Reimer knew, or should have known that Defendant Asbury conscientiously, arbitrarily, capriciously, deliberately, intentionally, and knowingly engaged in conduct in violation of her duty as a judge, and engaged in violation of the Supreme Law of the Land when entering the terminating sanction of striking the Plaintiff's Answer for supposed discovery rule violations, entering default then default judgment against Plaintiff Clymer without any evidence he actually published the offending website and postcard and with actual documentary evidence produced in discovery in that very case that supported rather than disproved the website and postcard allegations, thereby violating the Plaintiff's fundamental rights to due process and his inviolate right to a jury trial.

99.     As a direct and proximate result of Defendants Sykes, Asbury, Reimer, RCSC, COUNTY, STATE and DOES 1-25's actions, Plaintiff Clymer suffered several forms of damages in an amount not less than $5,000,000.

100.     The Defendants further so ignored the gravamen of the noticed misconduct and the resulting financial liability, that their conduct is equivalent to outrageous governmental conduct entitling the Plaintiff to punitive damages against all defendants individually and together jointly, in an amount to be determined at trial.

## COUNT V - FAILURE TO PREVENT CONSPIRACY
## TO DEPRIVE FEDERALLY-PROTECTED RIGHTS

*(Against All Defendants)*

101.    Plaintiff realleges and incorporates all previous paragraphs by this specific reference as though fully restated herein.

102.    Defendant RCSC, COUNTY and STATE all had a duty to properly train and supervise Defendant Sykes and Defendant Asbury in their actions as judicial officers for Defendant RCSC, COUNTY and STATE.

103.    Defendant RCSC, COUNTY and STATE failed in their duty to properly train and supervise Defendant Sykes and Defendant Asbury in their actions as judicial officers for Defendant RCSC, COUNTY and STATE.

104.    Defendant RCSC, COUNTY and STATE then failed to prevent a conspiracy between Defendants Sykes, Asbury, Reimer, RCSC, COUNTY and STATE and DOES 1-25 and other individuals, engaged in and purposed to deprive the Plaintiff of his Federally-protected rights to due process, equal protection and jury trial in violation of 42 U.S.C. 1983, the 14th Amendment to the U.S. Constitution, and Article I, Sections 7 and 16 of the California State Constitution.

105.    Defendants Sykes, Asbury, Reimer, RCSC, COUNTY, STATE and DOES 1-25 and other individuals, engaged actions and a concerted effort which was purposed to and did deprive the Plaintiff of his Federally-protected rights to due process, equal protection and jury trial in violation of 42 U.S.C. 1983, the 14th Amendment to the U.S. Constitution, and Article I, Sections 7 and 16 of the California State Constitution.

106.    Defendants Sykes, Asbury and Reimer knew, or should have known that Defendant Asbury conscientiously, arbitrarily, capriciously, deliberately, intentionally, and knowingly engaged in conduct in violation of her duty as a judge, and engaged in violation of the Supreme Law of the

Verified Complaint for Violations of 42 U.S.C. § 1983
Page **20**

Land when entering the terminating sanction of striking the Plaintiff's Answer for supposed discovery rule violations, entering default then default judgment against Plaintiff Clymer without any evidence he actually published the offending website and postcard and with actual documentary evidence produced in discovery in that very case that supported rather than disproved the website and postcard allegations, thereby violating the Plaintiff's fundamental rights to due process and his inviolate right to a jury trial.

107.   As a direct and proximate result of Defendants Sykes, Asbury, Reimer, RCSC, COUNTY, STATE and DOES 1-25's actions, Plaintiff Clymer suffered several forms of damages in an amount not less than $5,000,000.

108.   The Defendants further so ignored the gravamen of the noticed misconduct and the resulting financial liability, that their conduct is equivalent to outrageous governmental conduct entitling the Plaintiff to punitive damages against all defendants individually and together jointly, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

Wherefore plaintiff prays this Court issue equitable relief as follows:

1.   Issue injunctive relief commanding Defendants Sykes, Asbury and Reimer to refrain from judicially presiding over any court matter involving Plaintiff Raoul B. Clymer; to refrain from entering "terminating" sanctions which deny a litigant their fundamental, inviolate right to a jury trial, and to refrain from acquiescing to forum shopping in any way;

2.   Issue injunctive relief commanding Defendants Sykes, Asbury and Reimer to refrain from taking any actions themselves in any way, to violate the All-Purposes Assignment/Master Calendar rule.

3.   Issue declaratory relief as this Court deems appropriate just.

4.   Issue other relief as this Court deems appropriate and just.

Verified Complaint for Violations of 42 U.S.C. § 1983
Page **21**

5.  Award Plaintiff his costs of litigation.

Respectfully submitted this ~~5th~~ 13 day of ~~December~~ JANUARY, 202~~2~~3

                             /s/   Raoul B. Clymer

                                    Raoul B. Clymer

                                    Plaintiff, *Pro Se*

## VERIFICATION

I, Raoul B. Clymer, declare as follows:

1.     I am over the age of 18, of sound mind, I have personal knowledge of myself and my activities, including those set out in the foregoing Complaint, and if called upon to testify I would competently and truthfully testify as to the matters stated herein, except those matters which I am informed and believe to be true, and as to those matters, I have so alleged on information and belief.

2.     I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself and my activities are true and correct.

Executed this 13th day of ~~December, 2022~~ JANUARY 2023, at Riverside County, California.

/s/ Raoul B. Clymer
Raoul B. Clymer
Plaintiff, *Pro Se*

Verified Complaint for Violations of 42 U.S.C. § 1983
Page 23